# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| LIBAN M. J., | Case No. 18-CV-1843 (NEB/ECW) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| SECRETARY OF DEPARTMENT OF HOMELAND SECURITY; WILLIAM BARR, United States Attorney General; PETER BERG, ICE Field Office Director; and SHERIFF KURT FREITAG, | |
| Respondents. | |

This is a habeas action brought under 28 U.S.C. § 2241 by petitioner Liban M.J., a removable alien being held in custody by Immigration and Customs Enforcement ("ICE"). In a Report and Recommendation dated December 10, 2018 [ECF No. 14 ("R&R")], United States Magistrate Judge Elizabeth Cowan Wright recommended that an immigration judge provides Petitioner with a bond hearing. Respondents Secretary of the Department of Homeland Security, United States Attorney General Jefferson Sessions, and Peter Berg, acting ICE Field Office Director[1] (collectively, the "government") object to the R&R. Based on a *de novo* review of the R&R, *see* 28 U.S.C.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court orders that William Barr, United States Attorney General shall replace Jefferson Sessions and Peter Berg, Acting Field Office Director, United States Immigration and Customs Enforcement shall replace Scott Baniecke on the case caption.

§ 636(b)(1); Fed. R. Civ. P. 72(b), the Court overrules government's objections, adopts the R&R, and requires that Petitioner be provided with a bond hearing before an immigration judge no later than April 19, 2019.

## BACKGROUND

The undisputed facts are clearly set forth in the R&R and are incorporated by reference for purposes of the government's objections. In short, an immigration judge ("IJ") ordered Petitioner deported and removed to Somalia, and Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"). Petitioner also filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his ongoing detention under 8 U.S.C. § 1226(c) and seeking release from custody pending removal. [ECF No. 1.] In the R&R, the Magistrate Judge concluded that Petitioner's continued detention without a bond hearing would deprive him of his right to due process under the Fifth Amendment. (R&R at 16.) The Magistrate Judge recommended that the § 2241 petition be granted in part – in that Petitioner be provided with a bond hearing before an IJ to determine whether his continued detention is necessary to protect the public or prevent him from fleeing during the pendency of immigration proceedings. (*Id.* at 17.) The

Magistrate Judge recommended that the Petition be denied with respect to Petitioner's request for immediate release. (*Id.*)

The government filed objections to the R&R on January 2, 2019.[2] [ECF No. 20 ("Resps' Obj.").] The government disagrees that Petitioner is entitled to a bond hearing, but does not object that § 1226(c) applies to Petitioner and ICE had statutory authority to bring him back into custody. (*Id.*) On January 16, 2019, Petitioner filed his response to the government's objections, stating that the R&R should be adopted in full. [ECF No. 22 at 2.] Because no party has objected to the R&R's conclusion that § 1226(c) applies to Petitioner and that the request for immediate release should be denied, the Court reviews those conclusions for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Finding no clear error, the Court accepts the R&R's conclusion that § 1226(c) applies to Petitioner and the request for immediate release is denied.

Since the R&R was issued, the Department of Homeland Security filed a motion to remand Petitioner's case from the BIA to the IJ to adjudicate the question whether Petitioner is entitled to reinstatement of his conditional permanent residence and the filing of new charges of removability by the Department of Homeland Security. [ECF Nos. 20, 22.] Neither party has informed the Court of the outcome of the motion and

---

[2] The Court granted the government's unopposed motion for an extension of time to object to the R&R due to the lapse of appropriations which caused the government to miss the December 24, 2018 deadline for objections. [*See* ECF Nos. 15, 19.]

3

from the record before the Court it appears that the removal proceedings are still before the BIA.

**ANALYSIS**

Detention under 8 U.S.C. § 1226(c) is mandatory during removal proceedings for certain criminal aliens such as Petitioner. The Supreme Court has held that detention under § 1226(c) is consistent with the Due Process Clause for the "brief period necessary" required to complete removal proceedings. *See Demore v. Kim,* 538 U.S. 510, 513 (2003). But constitutional concerns arise when detention ceases to be brief. *See Zadvydas v. Davis*, 533 U.S. 678, 682 (2001) (holding that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem"); *Reno v. Flores,* 507 U.S. 292, 306, (1993) ("It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings.") To avoid due process concerns, courts have construed § 1226(c) to have a reasonableness limitation on the length of detention. *See, e.g., Reid v. Donelan*, 819 F.3d 486 (1st Cir. 2016), *withdrawn, Reid v. Donelan,* No. 14–1270, 2018 WL 4000993 (1st Cir. May 11, 2018); *Diop v. ICE/Homeland Sec.,* 656 F.3d 221, 235 (3rd Cir. 2011); *Lora v. Shanahan*, 804 F.3d 601, 614 (2nd Cir. 2015), *cert. granted, vacated, Shanahan v. Lora,* 138 S. Ct. 1260 (2018). Recently, the Supreme Court has rejected using the canon of constitutional avoidance to employ an implicit temporal limitation on pre–removal detention, finding the plain language of § 1226(c) unambiguously "makes clear that detention of aliens within its scope *must* continue 'pending a decision' on removal."

4

*Jennings v. Rodriguez*, 138 S. Ct. 830, 835, (2018) (emphasis in original). Despite reversing the Ninth Circuit's holding that aliens detained under § 1226(c) were entitled to bond hearings every sixth months, *Jennings* did not address whether, at a certain point, prolonged detention implicates the Due Process Clause. *Id.* at 851.

Both Petitioner and the government agree that due process imposes some limitations on § 1226(c) detention. The parties differ, though, on when detention becomes so unreasonably long as to violate due process. Specifically, the government contends that only in "extraordinary cases" when the government causes unreasonable delay should a petitioner be entitled to a bond hearing. (Resps' Obj. at 1, 5 (quoting and citing *Demore*, 538 U.S. at 532–33) (Kennedy, J. concurring) ("were there to be an unreasonable delay by the [government] in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is … to incarcerate for other reasons.").) This argument fails to address that the Supreme Court limited its *Demore* holding to a brief period of detention under § 1226(c). *See Muse v. Sessions*, No. 18-CV-0054 (PJS/LIB), 2018 WL 4466052, at *2 (D. Minn. Sept. 18, 2018) (discussing and citing the "repeated references to the brevity of detention under § 1226(c)"in *Demore*). Moreover, as noted by other courts, *Jennings* remanded the issue of the constitutionality of prolonged detention under § 1226(c), and thus it did not abrogate previous circuit court holdings "that detention under § 1226(c) may violate due process if unreasonably long." *Oscar C. L. v. Green*, No. CV 18-9330 (KM), 2019 WL 1056032, at *2 (D.N.J. Mar. 6, 2019) (citing and

quoting *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) and *Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018)). The Court therefore is unpersuaded that the detention can become unconstitutionally prolonged only in the instance where the government is engaging in dilatory tactics.

As correctly discussed by the Magistrate Judge, the Eighth Circuit has not addressed the issue of prolonged detention under § 1226(c) post–*Jennings*, but other courts have adopted a fact–based inquiry when determining whether detention is reasonable.[3] (R&R at 9 (citing *Muse v. Sessions*, 2018 WL 4466052, at *2 (D. Minn. Sept. 18, 2018).) In assessing due process challenges to § 1226(c) detentions, courts consider several factors to determine when "continued detention becomes unreasonable and the Executive Branch's implementation of § 1226(c) becomes unconstitutional unless" a bond hearing is provided. *Muse*, 2018 WL 4466052, at *3 (citation and quotation omitted). These factors include: (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays of the removal proceedings caused by the detainee; (5) delays of the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Id.*

---

[3] The Court agrees that "[t]he *Reid* factors 'represent a reasonable framework for balancing the due process interests at stake' even though they were 'originally adopted in the context of reading an implicit reasonableness limitation into § 1226(c),' *Portillo v. Hott*, No. 1:18-470, 2018 WL 3237898, at *7-9 (E.D. Va. July 3, 2018), and even though the First Circuit withdrew the *Reid* decision after the Supreme Court decided *Jennings*, 2018 WL 4000993." *Muse*, 2018 WL 4466052, at *3 n.3 (D. Minn. Sept. 18, 2018).

6

The first factor evaluates the length of detention to date. This inquiry "contemplates how long th[e] deprivation has lasted…" and is critical of detention that can no longer be categorized as "brief." *Id.* at *4; *Mohamed v. Sec'y, Dep't of Homeland Sec.*, No. 17-CV-5055 (DWF/DTS), 2018 WL 2392205, at *5 (D. Minn. Mar. 26, 2018) (providing that the longer detention continues, the harder it is to justify continued detention), *Report and Recommendation adopted*, No. 17-CV-5055 (DWF/DTS), 2018 WL 2390132 (D. Minn. May 25, 2018). Petitioner has been detained since March 29, 2018, or for about 12 months.[4] Although there is no bright–line rule for what constitutes a reasonable length of detention, Petitioner's detention has lasted beyond the "brief" period assumed in *Demore*. *See Demore*, 538 U.S. at 526, 529 (noting "in the majority of cases [detention] lasts for less than 90 days"). Other courts have required bond hearings for detentions of similar and much shorter lengths. *See Muse*, 2018 WL 4466052, at *4 (collecting cases). The length of Petitioner's detention thus weighs in favor of granting relief.

---

[4] The government argues that the R&R incorrectly calculates Petitioner's time in detention from November 1, 2017, when ICE took custody, rather than March 29, 2018, when Petitioner's removal proceedings were reopened. (Resps' Obj. at 2 n.1.) The Court agrees, and Petitioner concedes, [ECF Nos. 10 at 10; 22 at 1], that Petitioner was not detained under § 1226(c) until his removal proceedings were reopened. *See Tindi v. Sec'y, Dep't of Homeland Sec.*, No. CV 17-3663(DSD/DTS), 2018 WL 704314, at *2 (D. Minn. Feb. 5, 2018) (providing that detention pending removal proceedings is governed by § 1226 and detention after a final removal order is governed by § 1231); *Nyonton v. Brackett, et al.*, No. 18-CV-481-PB, 2019 WL 1082203, at *1 (D.N.H. Mar. 7, 2019) (noting that an immigration judge's grant of the petitioner's motion to reopen removal proceedings shifted the statutory basis for his detention from § 1231 to § 1226). Thus, for purposes of this constitutional analysis, the Court considers the first detention date as March 29, 2018.

The second factor considered is the likely duration of future detention in the absence of judicial relief. The government rejects the R&R's and *Muse's* approach of considering the anticipated duration of all removal proceedings, including administrative and judicial appeals. (*See* Resps' Obj. at 6.) According to the government, this approach requires speculation and improperly considers the length of an appeal to the Eighth Circuit, which would be under a different statute, 8 U.S.C. § 1231. (*Id.*) Regardless of whether the Court considers the time frame during a possible appeal to the Eighth Circuit, removal proceedings here are certain to continue for many more months and are not "in their final stage." (Resps' Obj. at 8.) The IJ denied Petitioner's claims for relief and ordered him removed on June 8, 2018. [ECF No. 7–1, Ex. A at 46.] Petitioner appealed the IJ's decision to the BIA on June 18, 2018. [ECF No. 1–1, Ex. 1 at 1–5.] In December 2018, the BIA requested supplemental briefing. [ECF Nos. 20 at 4; 22 at 1–2.] The Department of Homeland Security agrees that Petitioner's appeal should be remanded for adjudication on whether Petitioner is entitled to reinstatement of his conditional permanent residence and the filing of new charges of removability.[5] (*Id.*) Petitioner has opposed the remand. [ECF No. 22 at 2.] Assuming the appeal is remanded,[6]

---

[5] To the extent the parties disagree on how many I–751 petitions Petitioner has filed, the effect of the new application to his conditional residence status, and whether ICE may bring new charges of removability, the Court will not reach the merits of the arguments as those issues are not before this Court. (*See* Resps' Obj. at 4; Pet'r's Resp. at 5–6.)

[6] Even if the appeal is not remanded to the IJ, the trajectory of Petitioner's removal proceedings makes it likely that removal proceedings will continue for a lengthy amount of time.

it will likely take many months for the IJ to make a determination, which will likely be appealed to the BIA. Accordingly, because Petitioner may be detained for many months before removal proceeds are complete, this factor supports granting relief.

The third factor considers the conditions of the petitioner's detention. "Aliens held under § 1226(c) are subject to civil detention rather than criminal incarceration." *Muse*, 2018 WL 4466052, at *5 (citation and quotation omitted). Whether the conditions of civil immigration detention are meaningfully different from those of criminal detention factors into the reasonableness of Petitioner's detention. *Jamal A. v. Whitaker*, No. 18-CV-1228 (PJS/BRT), 2019 WL 549722, at *4 (D. Minn. Jan. 22, 2019) (citation and quotation omitted). The government does not dispute that Petitioner is being held at a criminal correctional facility (Resps' Obj. at 8.) and, thus, this factor weighs in Petitioner's favor.

The fourth factor weighs whether the detainee has caused any delays in the removal proceedings. The government concedes that Petitioner has not caused any delays, (Resps' Obj. at 8.), and the Court agrees Petitioner has not engaged in dilatory tactics and finds this factor favors granting relief. *See Ly v. Hansen*, 351 F.3d 263, 272 (6th Cir. 2003) (balancing petitioner's right to "explore avenues of relief" against engaging in dilatory tactics to stall deportation and compel release from detention). Petitioner is entitled to raise legitimate defenses to removal, including filing a petition for conditional residence, and such challenges to his removal cannot undermine his claim that detention has become unreasonable. *See Hernandez v. Decker*, No. 18-CV-5026 (ALC), 2018 WL

3579108, at *9 (S.D.N.Y. July 25, 2018) ("the mere fact that a noncitizen opposes his removal is insufficient to defeat a finding of unreasonably prolonged detention, especially where the Government fails to distinguish between bona fide and frivolous arguments in opposition").

The fifth factor considers any delays in the removal proceedings caused by the government. The Court agrees with the government that it has not caused any delays in the removal proceedings and, like Petitioner, has the right to makes arguments in support of its position, including filing a motion in support of remanding the proceedings to the IJ. *See Muse,* 2018 WL 4466052, at *6 (concluding that the government did not engage in dilatory tactics when it only advanced non–frivolous arguments). Therefore, this factor supports continued detention.

The last factor weighs the likelihood that the removal proceedings will result in a final order of removal. The Court agrees it is not in the position to weigh the merits of the removal order and thus finds this factor neutral. Despite the government's argument that "ICE has prevailed on the challenges [Petitioner] has raised thus far to his removal,"[7] Petitioner has filed a new I–751 request for conditional permanent residence and the

---

[7] Petitioner takes issue with this assertion, arguing that the government "conceded that [sic] one of the challenges Petitioner raised on appeal was correct." (Pet'r's Resp. at 5.) However, just as the Court does not consider the merits of the final removal order, it does not consider Petitioner's vague reference to arguments made on appeal at the BIA. Rather, the Court recognizes the complex procedural posture of this case and cannot predict the final outcome of the removal proceedings.

government seeks new charges of removability. The Court cannot predict what will occur with the new filings and Petitioner's appeal, and thus does not have a sufficient basis to determine whether Petitioner will likely be removed.

In sum, the majority of factors weigh in favor of granting relief. The Court therefore rules that Petitioner is entitled to a bond hearing before an immigration judge to determine whether he is a flight risk or danger to the community. Continued detention without a bond hearing would otherwise deprive Petitioner of his rights under the Due Process Clause. *See Muse*, 2018 WL 4466052, at *6 ("Such a hearing will protect both Muse's rights under the Due Process Clause and the government's legitimate interest in detaining a removable alien when such detention is necessary to serve the purposes of § 1226(c).") (citing *Portillo*, 2018 WL 3237898, at *8.)

## CONCLUSION

Based on the foregoing, and on all the files, records, and proceedings herein, the Court OVERRULES Respondents' objections [ECF No. 20], and the R&R [ECF No. 14] is ADOPTED.

IT IS HEREBY ORDERED THAT Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 [ECF No. 1] is GRANTED IN PART and DENIED IN PART as follows:

1. An immigration judge must provide Petitioner with a bond hearing within thirty days of this Order. At the bond hearing, the immigration judge must

11

make an individualized determination whether Petitioner's continued detention is necessary to protect the public or to prevent Petitioner from fleeing during the pendency of immigration proceedings.

2. The petitioner's request for immediate release is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 18, 2019　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　s/Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　　Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　　United States District Judge